IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RICHARD JACKSON-EL      Plaintiff, | * |
| v. | *    CIVIL ACTION NO. RWT-06-2548 |
| JAMES V. PEGUESE, et al.      Defendants. | * |
| | * |

******

**MEMORANDUM OPINION**

Before the Court is a motion for emergency injunctive relief under 42 U.S.C. §1983 and Defendants' response with verified exhibits.[1] On September 29, 2006, Richard Jackson-El, a prisoner at the Maryland House of Correction (MHC), filed a 42 U.S.C. § 1983 Complaint against James V. Peguese, Warden, MHC and Correctional Medical Services[2] alleging that he is being deprived of medically prescribed meals for his bleeding ulcer. He also complains that he has at times not been provided any meals.[3] As relief, Plaintiff requests the award of compensatory damages. Complaint at 7. Upon review of the State response, the Court concludes that emergency injunctive relief is not warranted, and the Order to Show Cause will be quashed. Counsel for Defendants shall promptly notify the Court whether service of process will be accepted on behalf of Defendants.

---

[1] The Court construed the pleading as a 42 U.S.C. §1983 motion for emergency injunctive relief, and on October 6, 2006, issued an Order to Show Cause directing the Office of the Attorney General of Maryland to respond within twenty-one days.

[2] In the text of the Complaint, Plaintiff names Dr. Atnafu as a defendant. The Court will instruct the Clerk to amend the Complaint accordingly.

[3] Plaintiff also complains he has not been provided with the forms required to exhaust his administrative remedies. Complaint at 1, 5.

**I.  Factual Background**

Plaintiff was transferred to MHC from the Jessup Correctional Institution on August 31, 2006, and hospitalized until September 8, 2006. Defendants' Exhibit 1, Traffic History. Currently, he is on administrative segregation/medical status. *See id.*

According to J. Hampson, Correctional Dietary Manager, Plaintiff is on a cardiovascular diet, mechanical soft consistency. Defendants' Exhibit 1, Memorandum J. Hampson, CDM. Plaintiff has told Hampson that he can't chew most of the foods that are served to him, but that he likes tuna fish. Hampson states that when there are soft foods on the menu, they have been served to Plaintiff. Plaintiff's food is chopped according to the order for a soft mechanical diet. *See id.* He has been given tuna fish whenever he claimed to be unable to eat the food provided. On one occasion, he told Hampson that he did not want "salad dressing" with his tuna fish and that he wanted mayonnaise. Hampson then placed several packets of mayonnaise in a bag and gave them to Plaintiff. Plaintiff further stated that he did not want tuna all the time. Plaintiff has also told Hampson that he could not eat beef. He was given ground turkey, which was used to make "turkey salad." *See id.* He refused to eat the turkey, claiming that it was processed meat. Hampton informed him that the turkey was not processed, but Plaintiff still refused to eat it.

On several occasions after Plaintiff refused to eat the meal provided, Hampson asked whether there was anything else he could eat. Sometimes Plaintiff requested cookies, milk, and cereal and he was provided this requests. He has also requested and received boiled eggs. "He has been provided the items, which he claims hat [sic] he can tolerate, based on the items on the menu as well as the substitutes which are within his diet regimen." *Id.*

**II. Injunctive Relief**

In order to obtain injunctive relief, the following criteria must be satisfied: (i) the likelihood of irreparable harm if the preliminary injunction is denied; (ii) the likelihood that Defendant will not be harmed if the requested relief is granted; (iii) the likelihood of success on the merits; and (iv) the public interest will be served.  *See Blackwelder Furniture Co. v. Selig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977); *Yakus v. United States*, 321 U.S. 414 (1944).

Where, as here, both parties are not private litigants and the public interest is implicated, an injunction cannot issue where the public interest will be impaired, even temporarily.  *See Yakus*, 321 U.S. at 440; *Virginia Surface Mining and Reclamation Association, Inc. v. Andrus*, 604 F.2d 312 (4th Cir. 1979).  Emergency injunctive relief is not warranted and there does not appear to be any immediate threat to Plaintiff's health.  Defendants' verified exhibits indicate that prison staff is attempting to provide Petitioner with foods permitted on his dietary regime, despite his many subjective food preferences.

**III. Conclusion**

A separate Order consistent with this Memorandum will be entered denying the Motion for Emergency Injunctive Relief, quashing the Order to Show Cause, and directing the Clerk to mail a copy of the Complaint to Assistant Attorney General Stephanie Lane-Weber, Assistant Attorney General Glenn W. Bell and counsel for Correctional Medical Services.

|  |  |
|---|---|
| __11/6/06__ | _____/s/_____ |
| Date | ROGER W. TITUS |
|  | UNITED STATES DISTRICT JUDGE |